UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CFCU COMMUNITY CREDIT
UNION,

        Appellant,

    -v-                                                   5:17-CV-1120

DUSTIN E. HARRINGTON,
and STACEY J. HARRINGTON,

        Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                     OF COUNSEL:

CROSSMORE LAW FIRM                  EDWARD Y. CROSSMORE, ESQ.
Attorneys for Appellant
115 West Green Street
Ithaca, NY 14850

HUMPLEBY LAW OFFICE                  CRAIG C. HUMPLEBY, ESQ.
Attorneys for Appellees
4306 East Genesee Street
Syracuse, NY 13214

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

      Appellant CFCU Community Credit Union ("CFCU") seeks reversal of a September 22, 2017 Memorandum–Decision & Order (the "September 22 MDO") issued by United States Bankruptcy Judge Margaret Cangilos–Ruiz that permitted appellees Dustin E. Harrington ("Harrington") and Stacy J. Harrington (collectively "debtors" or "appellees") to avoid in full four judicial liens as impairing their exemption in two parcels of real property.  In

re Harrington, 578 B.R. 147 (Bankr. N.D.N.Y. 2017).

Both parties have designated portions of the bankruptcy record for appeal in accordance with the applicable procedural rule and CFCU has filed a brief in support of its position. However, appellees have failed to submit a response in opposition, and the time period in which to do so expired on January 22, 2018. Accordingly, the appeal will be decided on the basis of the presently available submissions without oral argument.

## II. BACKGROUND[1]

On November 15, 2013, debtors filed a joint chapter 13 bankruptcy petition that, inter alia, disclosed an ownership interest in three parcels of real property: (1) 5072 Creal Road in Homer, New York ("Creal Road"), with a fair market value of $74,600; (2) 8 Elm Street in McGraw, New York ("Elm Street"), with a fair market value of $71,500; and (3) 4 Homestead Drive in Cortland, New York ("Homestead Drive"), with a fair market value of $87,200.

The slightly complex legal arrangement surrounding debtors' interest in the Creal Road and Elm Street properties is at the heart of this appeal. Ownership of Creal Road is split between Harrington and his grandmother, Betty Baker ("Ms. Baker"), who retains a life interest in the property. Before transferring the remainder interest in Creal Road to her grandson, Ms. Baker executed a mortgage against the property in favor of NBT Bank in the amount of $28,281.07 (the "NBT Mortgage"). Accordingly, the NBT Mortgage encumbers both Ms. Baker's life estate *and* Harrington's remainder interest.

Unlike the Creal Road property, Harrington is the sole owner of the Elm Street parcel. However, at some point Harrington executed a mortgage in favor of Edward N.

---

[1] The background is drawn from a review of the record designated for appeal and in particular the September 22 MDO itself.

Coombs and Christine S. Coombs against *both* the Elm Street parcel *and* his remainder interest in Creal Road in the amount of $90,000 (the "Coombs Mortgage").[2]

Against this backdrop, debtors sought to avoid under 11 U.S.C. § 522(f) four judicial liens recorded at the Cortland County Clerk's Office:  (1) a December 20, 2012 lien in the amount of $3,329.28 held by LR Credit 23 LLC; (2) a July 5, 2013 lien in the amount of $16,855.39 held by CFCU; (3) a July 16, 2013 lien in the amount of $1,269.44 held by Discover Bank; and (4) an August 5, 2013 lien in the amount of $10,858.09 held by CFCU.

The bankruptcy court began its analysis by setting forth the various matters disputed by the parties.  As relevant here, the bankruptcy court had permitted debtors to further amend their claim of exempt property ("Second Amended Claim") even after it had previously directed the parties to file certain stipulations and memoranda.  In this Second Amended Claim, debtors had altered the manner in which they sought to claim certain exemptions.

CFCU objected to this Second Amended Claim for several reasons.  First, CFCU objected to Harrington's ability to claim the full listed value of his own hand tools on the ground that § 522(d)(6) limited the amount available to be exempted.  Second, CFCU claimed that permitting this new amendment to debtors' claimed exemption would prejudice its interests, since it was made after the earlier stipulations between the parties had already been filed.  Third, CFCU disputed the method that debtors wanted the bankruptcy court to use to determine the value of Harrington's remainder interest in the Creal Road property.  Fourth, CFCU challenged the way debtors wanted the bankruptcy court to apply the § 522(f) formula to their Second Amended Claim.

---

[2] To further complicate matters, there was a $4,124 tax lien against Elm Street for unpaid real property taxes.

The second, third, and fourth issues are implicated in this appeal.  At the outset, the bankruptcy court rejected CFCU's argument that debtors should not be permitted to file their Second Amended Claim.  Among other things, the bankruptcy court determined that CFCU did not suffer any prejudice as a result of the amendment and concluded that the prior stipulation between the parties did not control the amount debtors could claim because that issue was one of law, not fact.[3]

After that, the bankruptcy court analyzed how it would value Harrington's remainder interest in the Creal Road property.  According to an earlier ruling by the bankruptcy court, the remainder interest in the Creal Road parcel was determined by reference to § 403 of New York's Real Property Actions and Proceedings Law ("NYRPAPL").  The bankruptcy court had referred the valuation question to the New York Superintendent of Financial Services, who certified the value of Harrington's remainder interest to be $50,873.47 and Ms. Baker's life estate to be $23,726.53.  Accordingly, the bankruptcy court determined that this $50,873.47 amount would be used in applying § 522(f).

Finally, the September 22 MDO dove into the § 522(f) formula, which provides in relevant part that:

> (f)(1)  Notwithstanding any waiver of exemptions . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
>
>   (A) a judicial lien[.]
>
> . . .

---

[3] The bankruptcy court quickly disposed of the dispute between the parties regarding whether Harrington could claim $4,600 for his own hand tools by partially sustaining CFCU's objection and limiting debtors' § 522(d)(6) exemption to $2,300.

> (2)(A) For purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–
>
>> (i) the lien;
>>
>> (ii) all other liens on the property; and
>>
>> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.
>
>> (B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect ot other liens.

11 U.S.C. § 522(f).

On this issue, the bankruptcy court first analyzed the dispute between the parties over how the $90,000 Coombs Mortgage, which encumbered both the Elm Street and Creal Road properties, should be charged. According to debtors, the two properties should be considered separately and the full $90,000 lien should be charged against each property. According to CFCU, however, the $90,000 lien should not be counted twice because it would give debtors a windfall. Instead, CFCU argued that the bankruptcy court should apply one-half of the Coombs Mortgage to the Elm Street property and the other half to Creal Road.

The bankruptcy court noted that CFCU's 50/50 argument was based on two out-of-circuit cases: In re Simonson, 758 F.2d 102 (3d Cir. 1985) and In re Frameli, 155 B.R. 354 (Bankr. W.D. Pa. 1993). It also acknowledged that Frameli appeared to be the only § 522(f) case addressing a so-called "wrap-around" mortgage covering two properties (like the Coombs Mortgage executed by Harrington). Notably, however, the bankruptcy court

concluded that Frameli was decided under an earlier version of § 522(f) and therefore reached its result by "bending" around Simonson, which was then-binding Third Circuit precedent. According to the bankruptcy court, the Bankruptcy Reform Act of 1994 "codified a simple arithmetic test for determining when a lien impairs an exemption" by adding § 522(f)(2) "specifically to overrule decisions including In re Simonson."

After drawing this conclusion, the bankruptcy court decided to adopt CFCU's alternative proposal of "combining both Elm Street and Creal Road," noting that it was in fact an approach consistent with Frameli. As a result, the bankruptcy court explained that it would "apply the statutory formula by adding to the judicial lien under consideration: (i) all other liens encumbering Elm Street and Creal Road combined and (ii) the amount of the exemptions claimed as to both parcels."

The bankruptcy court then considered how the NBT Mortgage executed by Ms. Baker on the Creal Road parcel should be treated in this calculation, since Harrington took his remainder interest subject to NBT's lien. CFCU, relying on New York law about subrogation rights and surplus money proceedings, argued that Ms. Baker's interest in the property "should first be fully chargeable in satisfying NBT's lien prior to any interest of [Harrington] being charged with that lien."

The bankruptcy court rejected CFCU's approach, which it characterized as "resorting to generalized principles of state law applicable in an entirely different context." In re Harrington, 578 B.R. at 157. Among other things, the bankruptcy court reasoned that debtors' claim of exemption was in the Creal Road property itself, not in any proceeds that might result from its sale. Accordingly, the bankruptcy court decided to adhere to the formula set forth above, which yielded the following calculation rounded to the nearest dollar:

> Combining all unavoidable liens encumbering Elm Street and Creal Road: (($4,124 property taxes + $90,000 Coombs mortgage, + $28,281.07 NBT lien) equals $122,405. This amount ($122,405) when added to the combined exemptions ($9,627) equals $132,032. The combined value of Debtors' interest in Elm Street devoid of all liens ($71,500) and Debtors' interest in Creal Road ($50,873) is $122,373. Since $132,032 exceeds $122,373, the court finds that all of the judicial liens impair the Debtors' exemptions and may be avoided.

In re Harrington, 578 B.R. at 158. Therefore, the September 22 MDO concluded all four judicial liens could be avoided in full. This appeal followed.

## III. DISCUSSION[4]

"An estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions." Owen v. Owen, 500 U.S. 305, 308 (1991). "An exemption is an interest withdrawn from the estate (and hence the creditors) for the benefit of the debtor." Id.

"Section 522 [of the Bankruptcy Code] determines what property a debtor may exempt." Owen, 500 U.S. at 308. As relevant here, § 522(f)(1)(A) permits a debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have entitled . . . if such lien is . . . a judicial lien." And as the September 22 MDO acknowledged, the current iteration of the bankruptcy code explicitly provides a test for determining when a lien impairs an exemption. § 522(f)(2).

CFCU argues the bankruptcy court erred in the September 22 MDO by concluding

---

[4] A federal district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" issued by a bankruptcy court sitting in the same judicial district. 28 U.S.C. § 158(a). "Generally in bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo." In re Charter Commc'n, Inc., 691 F.3d 476, 482-83 (2d Cir. 2012).

that the "entire amount of the NBT mortgage debt should be netted against debtor Harrington's interest."  According to CFCU, the NBT mortgage should be netted against Ms. Baker's interest *before* it is applied to reduce the value of Harrington's equity.

In making this argument, CFCU relies on In re Fox, 353 B.R. 388 (Bankr. D. Conn. 2006), a case in which the bankruptcy court refused to apply 100% of the value of a mortgage debt to a parcel of property in which the debtor held a 50% joint interest with his non-filing spouse.  CFCU goes on to support this argument with references to New York law on subrogation, surplus money proceedings, and a line of out-of-circuit authority that includes In re Simonson, 758 F.2d 103 (3d Cir. 1985).

But these are precisely the same arguments the bankruptcy court considered in detail and chose to reject.  In re Harrington, 578 B.R. at 155-58.  Indeed, the September 22 MDO explicitly rejected CFCU's analogy to cases involving a debtor and his non-filing spouse (such as In re Fox), and explained in detail why the holding of In re Simonson (an out-of-circuit case from 1985 apparently overruled by 1994 amendments to the Bankruptcy Code), did not control the analysis in this case.

Even considering the matter de novo, CFCU's brief fails to articulate why its preferred construction of this issue, and not the version the bankruptcy court settled on after specifically considering several alternatives, should carry the day here.  After all, In re Fox highlights the fact that the application of § 522(f)(2)(A) that CFCU would prefer; i.e., the proration approach toward jointly owned property, is itself the subject of an ongoing conflict between the bankruptcy courts.

To be sure, a review of CFCU's brief in support of the instant appeal confirms that it firmly believes that its proposed calculation method is the more appropriate or logical

one. But the bankruptcy court thoroughly considered the matter and disagreed. CFCU has not clearly identified the kind of controlling authority from our own Circuit that might confirm the bankruptcy court committed legal error, and an independent review of the matter reveals no reason why this Court should begin second-guessing it.[5] De novo review is for correcting legal error, not mere legal disagreement. Accordingly, the September 22 MDO will be affirmed.

## IV. CONCLUSION

Therefore, it is

ORDERED that

1. The September 22 MDO is AFFIRMED; and

2. CFCU's appeal is DENIED.

The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: April 9, 2018
   Utica, New York.

_____
United States District Judge

---

[5] CFCU's complaints about the September 22 MDO's analysis regarding the effect of the stipulation that pre-dates the changes made in debtors' Second Amended Claim fail for substantially the same reason.